IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-516-FL

| | |
|---|---|
| MEMSYS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ACT TECHNOLOGY SEED FUND, ) | |
| L.L.C.; PHIL JENKINS; PRODUCT ) | |
| CONCEPT DEVELOPMENT, INC.; ROY ) | |
| STARK; STEVEN L. PRESLEY; ) | |
| MICHAEL D. RAINONE; and DAN ) | |
| BOCHSLER, ) | |
| ) | |
| Defendants. ) | |

This matter comes now before the court on several motions. Defendants Roy Stark ("Stark") and Product Concept Development, Inc. ("PCD") each move to dismiss for lack of personal jurisdiction (DE ## 19, 26). In the alternative, these defendants move the court to transfer venue pursuant to 28 U.S.C. § 1404(a). All other defendants, including Steven L. Presley ("Presley"), Michael D. Rainone ("Rainone"), Dan Bochsler ("Bochsler"), Phil Jenkins ("Jenkins"), and Act Technology Seed Fund, L.L.C. ("ACT"), seek in separate motion to advance argument in favor of transfer of the case to the Eastern District of Texas (DE # 27).[1] Additionally, plaintiff seeks to strike certain defenses asserted by defendants Presley, Rainone, Bochsler, ACT, and Jenkins (DE # 32). The issues raised are ripe for adjudication. For reasons that follow, the motions to transfer are granted; the motions to dismiss for lack of personal jurisdiction are denied as moot; and the motion

---

[1] Where defendants consent to plaintiff's motion for leave to file sur-reply (DE # 42), without more, plaintiff's motion is allowed, and the court will consider plaintiff's sur-reply in disposing of the motion to transfer.

to strike is held in abeyance.

## BACKGROUND

Plaintiff, a North Carolina corporation, owns certain patents, technology, and intellectual property related to microanemometer technology.[2] (Compl. ¶ 13.) Plaintiff alleges defendants misrepresented their intentions, experience, and capability, which induced plaintiff to enter an agreement with defendants regarding defendants' acquisition of plaintiff's microanemometer technology. (Id. ¶ 28.) The individual defendants reside in Palestine, Texas. (Id. ¶¶ 3–6, 8.) The corporate ones, ACT[3] and PCD,[4] have principal places of business also in Palestine, Texas. (Id. ¶¶ 2, 7.)

It is undisputed that on February 22, 2005, plaintiff, through its agents Warren Jewett ("Jewett"), Richard Bird ("Bird"), and Ted Plowman ("Plowman"), met with defendants Jenkins, Bochsler, Presley, and Rainone in the Research Triangle Park area of North Carolina. (Compl. ¶ 9; Answer ¶ 9; Pl.'s Mem. Opp. Mot. to Dismiss by PCD, Jewett Aff. ¶ 7.) Plaintiff alleges that these defendants acted in their individual capacities and as agents for defendant ACT at the meeting. (Compl. ¶ 9) Additionally, plaintiff contends defendant Rainone acted both in his individual capacity and on behalf of defendant PCD in arranging and attending the meeting. (Id.)

Plaintiff alleges the purpose of the February 2005 meeting was to discuss the defendants'

---

[2]According to plaintiff, microanemometer technology is used to help measure and regulate the flow of liquids and gases. (Compl. ¶ 13.)

[3]Plaintiff alleges defendants Jenkins, Bochsler, Presley, and Rainone are members and/or managers of defendant ACT. (Id. 3–6.) Defendant Bochsler, however, denies membership in ACT, but defendants Jenkins, Presley, and Rainone admit they are members and managers of ACT. (Answer ¶¶ 3–7.) Plaintiff does not allege that defendant Stark is a member of ACT.

[4]Defendant Rainone also is a director and vice president of defendant PCD. (Id. ¶ 7; Answer ¶ 7.)

2

acquisition of certain intellectual property from plaintiff. (Compl. ¶ 9.) Defendants Presley, Rainone, Bochsler, Jenkins, and ACT, however, deny these allegations. (Answer ¶ 9.) Instead, they contend the purpose of the meeting was to engage in a fact-finding mission for defendant ACT to evaluate plaintiff's technology. (Rainone Aff. ¶ 6; Jenkins Aff. ¶ 6.) After the meeting, the parties undertook a valuation of plaintiff's technology and plaintiff fabricated some sample microanemometer chips. (Compl. ¶ 15–16.)

It is undisputed that on June 22, 2006, plaintiff, through its agents Jewett, Bird, and Plowman, again met with defendants Jenkins, Presley, and Rainone in the Research Triangle Park area. (Compl. ¶ 10; Answer ¶ 10; Pl.'s Mem. Opp. Mot. to Dismiss by PCD, Jewett Aff. ¶ 8.) Plaintiff alleges these defendants were also acting on behalf of defendants ACT, PCD, and Bochsler.[5] (Compl. ¶ 10.) This meeting discussed the acquisition of plaintiff's technologies by a corporate entity which would be formed in Texas by defendants.[6] (Id.) Thereafter, plaintiff alleges all defendants formed Memsys Technologies, LLC, ("MT"), in Texas. (Id. ¶ 18.) According to plaintiff, the purpose of MT was to purchase and market plaintiff's microanemometer technology (Id. ¶ 17), and on November 20, 2006, plaintiff entered into an asset sale and purchase agreement with MT (Id. ¶ 19). Plaintiff alleges that on July 21, 2008, MT was in breach of its agreement for its failure to make a $250,000.00 payment to plaintiff. (Id. ¶ 24.) Additionally, plaintiff alleges MT had less than $500.00 in its checking account as of October 9, 2008. (Id. ¶ 26.)

On December 2, 2009, plaintiff initiated this action, alleging unfair and deceptive trade

---

[5]Plaintiff does not allege that defendant Stark attended or that another acted on his behalf at either of the North Carolina meetings.

[6]Defendants Presley, Rainone, Bochsler, Jenkins, and ACT deny plaintiff's allegations regarding the events of the June 2006 meeting. (Answer ¶ 10.) Nonetheless, it appears defendants acknowledge that acquisition was the topic of the meeting, even if defendants dispute PCD's role in any talks. (See Rainone Aff. ¶ 6.)

3

practices by all defendants except defendant Stark and inadequate capitalization of MT by all defendants, seeking to pierce the corporate veil of MT. Thereafter, defendants Stark and PCD moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue to the Eastern District of Texas. All other defendants answered plaintiff's complaint but have also moved to transfer venue to the Eastern District of Texas, Tyler Division.

## DISCUSSION

While defendants Stark and PCD seek dismissal for lack of personal jurisdiction, this court can consider and resolve the motions to transfer without first resolving the personal jurisdictional challenges. See Carte v. Loft Painting Co., Inc., No. 3:08-1004, 2009 WL 589941, at *5 (S.D. W.Va. 2009); Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450 (W.D.N.C. 1989). Such is the case as the court does need personal jurisdiction over defendants Stark and PCD to transfer this matter pursuant to 28 U.S.C. § 1404. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (holding personal jurisdiction is not required to transfer a case pursuant to § 1406); United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964) (interpreting Goldlawr to apply to § 1404 transfers); Koehring Co. v. Hyde Constr. Co., 324 F.2d 295, 297–98 (5th Cir. 1963) (same); Datasouth Computer Corp., 719 F. Supp. at 450. Moreover, even were the court to address and find it lacks personal jurisdiction over defendants Stark and PCD, it would not have to dismiss them as parties if the possibility remained that the action can be transferred to a district that has jurisdiction. See City of Virginia Beach, Va. v. Roanoke River Basin Ass'n, 776 F.2d 484, 488 (4th Cir. 1985) (holding district court lacked personal jurisdiction over certain defendant but remanding to determine whether transfer or dismissal appropriate).

Pursuant to 28 U.S.C. § 1404(a), a court may, for the convenience of the parties and in the

interest of justice, order the transfer of a case to any district where it might otherwise have been brought. The question of transfer under section 1404 is one committed to the sound discretion of the district court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956).

A motion to transfer demands a holistic analysis. "[M]uch necessarily must turn on the particular facts of each case[,] and . . . the trial court must consider and balance all the relevant factors to determine whether or not the litigation would proceed more conveniently and the interests of justice be better served by transfer to a different forum[.]" Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 15 Federal Practice & Procedure Jurisdiction § 3847 (3d ed.). While the analysis is case-specific, courts often consider a range of factors which include the following: plaintiff's initial choice of forum; the residence of the parties; the ease of access to the sources of proof; the convenience of the parties and witnesses; the cost of obtaining the attendance of the witnesses; the availability of compulsory process; the possibility of a view by the jury; the enforceability of a judgment; other practical problems that make trial expeditious and inexpensive; the interest in having local controversies decided at home and at home with the state law that governs; and the interests of justice. See Landers v. Dawson Constr. Plant, Ltd., 201 F.3d 436, at *2 (4th Cir. 1999) (unpublished table decision); Hardee's Food Sys. v. Rosenblatt, 44 F. Supp. 2d 767, 770 (E.D.N.C. 1998).

Plaintiff's initial choice of forum is an important factor and generally should not be disturbed unless the balance is tipped strongly in favor of defendants. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (discussing choice of forum in the context of *forum non conveniens*). Even if the plaintiff's choice of forum is inconvenient for defendants, "[t]he court should refrain from transferring venue if to do so would simply shift the inconvenience from one party to another."

5

Regent Lighting corp. v. Galaxy Elec. Mfg., Inc., 933 F. Supp. 507, 513 (M.D.N.C. 1996); see also Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). Nonetheless, the weight to be given to a plaintiff's choice of venue "varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F.Supp. 1253, 1256 (E.D. Va. 1988). When the initial forum is not the site of the conduct giving rise to the complaint, plaintiff's choice of forum is given less weight. See, e.g. Parham v. Weave Corp., 323 F. Supp.2d 670, 674 (M.D.N.C. 2004); Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F. Supp.2d 741, 743 (E.D. Va. 2003); Mims v. Proctor & Gamble Distributing Co., 257 F. Supp. 648, 656 (D.S.C. 1966).

Here, plaintiff's choice of forum in the instant district is not controlling. The record reflects that two meetings giving rise to the conduct in the complaint took place in North Carolina, plaintiff resides in the district, and plaintiff's three primary witnesses reside in the state, two of whom have serious health conditions. The meetings, however, did not occur in this district. According to Jewett, the meetings took place at the Homewood Suites and Wingate Hotel in the Research Triangle Park area. (Pl.'s Mem. Opp. Mot. to Dismiss by PCD, Jewett Aff. ¶¶ 7–8.) Both hotels are located in Durham, North Carolina, which is in the Middle District of North Carolina. Thus, to the extent that plaintiff chose the instant venue based on the meetings that took place at these hotels, the Middle District of North Carolina would be the proper venue. See 28 U.S.C. § 1391(a)(2), (d). As these meetings, which were the location of much of the conduct giving rise to the complaint, did not occur in this district, plaintiff's choice of forum is entitled to less weight.

By contrast, all defendants reside in the Eastern District of Texas. Defendants also proffer seven non-party witnesses who will likely testify at trial. Six of these seven witnesses also reside

in or near the Eastern District of Texas. Given the overwhelming number of parties residing in Eastern District of Texas, it would be both less expensive and more efficient, to have transfer the case to that district.

Though the health conditions of Warren Jewett and Richard Bird give the court some pause, the parties have already arranged and agreed upon alternative methods to preserve such testimony. Additionally, even if this matter remained pending in this district, it appears Jewett would be unable to attend trial at its current setting at New Bern, North Carolina, given his travel restrictions. In light of the uncertainty that plaintiff's witnesses can attend trial at the current setting, transfer to another district will not necessarily produce a greater inconvenience.

In addition to the convenience factors which weigh in favor of transfer, the more complicated legal issues will be determined by Texas law. Whether the corporate veil is pierced, is a question of Texas law. Jo v. Piston Mfg., No. 4:06-CV-76-F, 2009 WL 1578522, at *8 (E.D.N.C. 2009). While the underlying unfair and deceptive trade practices is brought pursuant to a North Carolina statute, this claim is fairly straightforward. Thus, the public interest in having a forum which is at home with the pertinent law also weighs slightly in favor of transfer.

Moreover, all defendants are amenable to personal jurisdiction in the Eastern District of Texas. If the action remained in the instant forum, plaintiff likely would have to re-file in the Eastern District of Texas against defendants PCD and Stark were the court to find personal jurisdiction lacking here. Thus, transfer is in the interests of justice to the extent that it allows expeditious and efficient resolution of plaintiff's claims in one forum. See Convergence Techs. (USA), LLC v. Microloops Corp., __ F. Supp.2d __, 2010 WL 1931743, *11 (E.D. Va. 2010) (concluding transfer of multi-defendant case appropriate when only some defendants were subject

to personal jurisdiction in the transferor district and all defendants were subject to personal jurisdiction in the transferee district).

On the basis of this record, the court finds that the instant case could originally have been brought in the Eastern District of Texas. As the convenience of the parties and witnesses and the interests of justice favor transfer to that district, the court allows defendants' motions for transfer pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

For the foregoing reasons, it is ORDERED:

1. The motion of defendant Stark is GRANTED in part as to transfer of venue and DENIED as MOOT in part as to dismissal for lack of personal jurisdiction (DE #19);

2. The motion of defendant PCD is GRANTED in part as to transfer of venue and DENIED as MOOT in part as to dismissal for lack of personal jurisdiction (DE # 26);

3. The motion for leave to file a sur-reply is GRANTED (DE # 42), and the clerk is DIRECTED to file the proposed sur-reply;

4. The motion of defendants Presley, Rainone, Bochsler, Jenkins, and ACT to transfer venue is also GRANTED (DE # 27). It is therefore ORDERED that this action is hereby TRANSFERRED to the United States District Court for the Eastern District of Texas. The clerk is DIRECTED to send a certified copy of this order together with the case file to the Clerk of Court for the Eastern District of Texas in Tyler, Texas; and

5. The motion to strike defenses remains pending in light of transfer (DE # 32).

8

SO ORDERED, this the 12th day of June, 2010.

                                        LOUISE W. FLANAGAN
                                        Chief United States District Judge